**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

STEVEN STRICKLAND, individually, and SOPHIA KIRK, as the personal representative of the estate of Mary Jane Burch Strickland,

    Plaintiffs,

v.

BENNIE O BURCH, RENATE BURCH, and WELLS FARGO BANK, N.A., a national banking association,

    Defendants.

Case No: 3:13-cv-1383-J-32JBT

# **O R D E R**

Steven Strickland brought suit against Wells Fargo Bank and Bennie and Renate Burch for damages arising out of withdrawals from his mother's bank accounts after her death. (Doc. 3). Defendants filed motions to dismiss (Doc. 2, 8, 9) and Plaintiff responded (Doc. 18, 19). The Court held a hearing and granted the motions to dismiss, but provided Strickland leave to amend. (Doc. 24). Strickland filed an amended complaint, bringing claims on behalf of himself individually and as personal representative of the estate of his mother, Mary Jane Burch Strickland, arising out of withdrawals occurring both before and after her death. (Doc. 25, 26). Subsequently, Sophia Kirk has replaced Strickland as plaintiff for claims brought on behalf of the estate of Ms. Strickland. (Doc. 30). Defendants have filed motions to dismiss (Doc. 27, 28) and Plaintiffs have responded (Doc. 31, 32).

## I. FACTS[1]

Ms. Strickland had a number of accounts with Wells Fargo, each of which designated Steven Strickland as the sole beneficiary and pay-on-death designee. (Doc. 25 at 5). On July 4, 2013, Ms. Strickland signed a power of attorney contract designating Mr. Burch, her brother, as her agent for her Wells Fargo accounts. (Doc. 26). In the seven days that followed, Mr. Burch withdrew $196,765.91 from Ms. Strickland's accounts with Wells Fargo. (Doc. 25 at 5).

On August 11, 2013, Ms. Strickland died. (Doc. 25 at 6). Steven Strickland notified Wells Fargo of her passing on August 13, 2013. (Doc. 25 at 7). The power of attorney terminated upon Wells Fargo's receipt of actual notice of Ms. Strickland's death. (Doc. 26 at 4). Nevertheless, on August 14, 2013, Mr. Burch removed Steven Strickland as the beneficiary of Ms. Strickland's accounts. (Doc. 25 at 7). On August 21, 2013, Mr. Burch withdrew $85,873.36 from Ms. Strickland's accounts and deposited the money in his own account. (Doc. 25 at 8). On August 26, 2013, he withdrew another $842.39, zeroing out one of Ms. Strickland's accounts. (Doc. 25 at 8).

## II. WELLS FARGO'S MOTION TO DISMISS

The amended complaint alleges Wells Fargo has committed conversion, breach of contract, and negligence. (Doc. 25 at 11, 13, 15). Wells Fargo seeks dismissal of each of these counts, or, in the alternative, a more definite statement regarding which claims are brought on behalf of Steven Strickland individually and which are brought

---

[1] As this case is before the Court on a motion to dismiss, the Court takes as true the facts in the complaint and attached exhibits. <u>Castro v. Sec'y of Homeland Sec.</u>, 472 F.3d 1334, 1336 (11th Cir. 2006).

2

on behalf of the estate. (Doc. 27). As the complaint alleges each claim against Wells Fargo on behalf of both Steven Strickland and his mother's estate, there is no need for a more definite statement.

### A.     Conversion (Count II)

Wells Fargo seeks dismissal of Plaintiff's claim for conversion under the independent tort doctrine. Under that doctrine, where parties are in contractual privity, a party must allege action independent of a breach of contract to bring forward a claim in tort. Kaye v. Ingenio, Filiale De Loto-Quebec, Inc., 13-61687-CIV, 2014 WL 2215770, at *4 (S.D. Fla. May 29, 2014).[2]

Plaintiffs allege that Wells Fargo wrongfully deprived them of their rightful ownership of funds previously held in Ms. Strickland's accounts. (Doc. 25 at 11). In bringing this claim, Plaintiffs did not incorporate Paragraph 18 of the Complaint, which involves the withdrawals Mr. Burch made from the accounts prior to Ms. Strickland's death. (Doc. 25 at 11). As such, it appears that the conversion claim against Wells Fargo only applies to the withdrawals which occurred after her death.

Wells Fargo asserts that the basis of the suit for conversion is Ms. Strickland's contracts with Wells Fargo, her deposit agreement contract and the power of attorney contract. (Doc. 27 at 4-5). The deposit agreement contract was not referenced in or attached to the complaint, and Wells Fargo has not provided any details about the

---

[2] Wells Fargo asserts that this doctrine is still good law even after the economic loss doctrine was limited by the Florida Supreme Court's decision in Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Companies, Inc., 110 So. 3d 399, 400 (Fla. 2013). As Plaintiffs do not contest the continued vitality of the independent tort doctrine, the Court will assume arguendo that the doctrine is still good law.

contract in its motion to dismiss.[3] As such, it is impossible for the Court to determine at this early stage of litigation whether the basis of the action for conversion is really a breach of the deposit agreement. Further, taking plaintiff's allegations as true, the basis for the conversion action cannot be a breach of the power of attorney contract, since the contract had allegedly terminated on August 13, 2013, before the conversion occurred.

### B.     Breach of Power of Attorney (Count IV)

Plaintiffs allege that Wells Fargo breached the July 4th power of attorney contract by allowing Mr. Burch to remove Steven Strickland as the beneficiary of the accounts, allowing Mr. Burch to withdraw funds from the accounts for his own use after Ms. Strickland's death, and failing to make a basic inquiry about the enforceability of the power of attorney before allowing Mr. Burch to remove Steven Strickland as beneficiary. (Doc. 25 at 13).[4] Wells Fargo seeks dismissal of the claim as to Steven Strickland because he is not a proper party to the contract, and as to the estate on two of the three grounds asserted. A claim for breach of contract requires the

---

[3] Plaintiffs are, in fact, unaware of the substance of the deposit agreement contract. (Doc. 32 at 2).

[4] Confusingly, Plaintiffs assert that Wells Fargo had no legal basis upon which to do these things because the power of attorney had terminated. (Doc. 25 at 14). In other words, the complaint seems to allege that Wells Fargo breached a contract that had already terminated by acting in accordance with the contract. The best the Court can tell, Plaintiffs intended this claim to operate as an alternative to the conversion claim. If the contract had terminated, they have brought the conversion claim. If instead the contract had not terminated, they have brought their claim for breach of contract.

existence of a contract, a material breach, and resulting damages. Baron v. Osman, 39 So. 3d 449, 451 (Fla. Dist. Ct. App. 2010).

### 1. Steven Strickland, Individually

Steven Strickland argues that he is an intended beneficiary of the power of attorney contract because, upon his mother's death, he was to be the beneficiary of the accounts that the power of attorney covered. (Doc. 32 at 6).[5]

A person who is not a party to a contract cannot sue for breach of that contract unless they are an intended beneficiary. Caretta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd., 647 So. 2d 1028, 1030-31 (Fla. Dist. Ct. App. 1994). "Under Florida law, a third party is an intended beneficiary of a contract between two other parties only if a direct and primary object of the contracting parties was to confer a benefit on the third party." Bochese v. Town of Ponce Inlet, 405 F.3d 964, 982 (11th Cir. 2005). For the third party beneficiary to have a legally enforceable right, the contracting parties' intent to benefit him must be clearly expressed in the contract. Id.[6] Generally, intent is an issue that is not appropriately determined on a motion to dismiss. Barnett

---

[5] Plaintiffs also assert that Steven Strickland is a Wells Fargo customer and that he holds a power of attorney for the accounts under different contracts. As neither of these assertions have any relationship to the July 4th power of attorney contract at issue, they do not establish standing to sue for breach of that contract.

[6] Some courts have defined third-party beneficiaries more broadly to also include those whom a contract primarily and directly benefits, even if the contract does not expressly create rights for that third-party. See, e.g., Greenacre Properties, Inc. v. Rao, 933 So. 2d 19, 23 (Fla. Dist. Ct. App. 2006). Even using the broader definition, however, the complaint fails to state a claim since the power of attorney contract does not primarily and directly benefit Steven Strickland.

v. Carnival Corp., 06-22521CIVOSULLIVAN, 2007 WL 1746900, at *4 (S.D. Fla. June 15, 2007).

Here, however, the complaint provides no reason to believe that Strickland was an intended beneficiary of the power of attorney contract. Strickland was the beneficiary of his mother's accounts. (Doc. 25 at 13). However, he had no relationship to the power of attorney contract related to those accounts. Indeed, Steven Strickland is not referenced in the contract, nor does the contract benefit him in any way. (See Doc. 26). Instead, the contract is about the care of Ms. Strickland's accounts during her life. Accordingly, Steven Strickland has failed to state a claim for breach of power of attorney.

### 2. Sophia Kirk, as Personal Representative

Sophia Kirk's claim asserts that three separate actions constitute breaches of the power of attorney contract. (Doc. 25 at 13-14). According to Wells Fargo, two of those actions are permitted under the contract. (Doc. 27 at 7-10). Wells Fargo does not attack the sufficiency of Plaintiffs' third basis for the breach of contract claim. (Doc. 27 at 10). As Wells Fargo therefore concedes that Sophia Kirk has alleged every element of a claim for breach of contract, the claim survives.

### C. Negligence (Count V)

The complaint alleges that Wells Fargo acted negligently by allowing Mr. Burch to remove Steven Strickland as the beneficiary of Ms. Strickland's accounts and

allowing him to withdraw almost all of the remaining funds from her accounts after her death. (Doc. 25 at 15).

Wells Fargo asserts that this claim is barred by the independent tort doctrine. Since this claim, like the conversion claim, revolves around actions taken after Wells Fargo was allegedly informed of Ms. Strickland's death, and therefore after the power of attorney contract terminated, the Court cannot say at this time that the claim is barred by the independent tort doctrine.

Wells Fargo also asserts that Steven Strickland cannot bring a claim for negligence since the bank owed him no duty. To bring a claim for negligence under Florida law, a plaintiff must establish that the defendant owed him a legal duty. Lamm v. State St. Bank & Trust, 749 F.3d 938, 947 (11th Cir. 2014). In some circumstances, a bank owes a duty to its customers. See, e.g., Wiand v. Wells Fargo Bank, N.A., 938 F. Supp. 2d 1238, 1247 (M.D. Fla. 2013).

When Wells Fargo allowed Mr. Burch to remove Steven Strickland as the beneficiary and withdraw most of the funds from Ms. Strickland's accounts, the power of attorney had allegedly already terminated. (Doc. 25 at 6). At that time, Steven Strickland was the pay-on-death designee. (Doc. 25 at 5, 7). He had provided notice of his mother's death and therefore was the rightful owner of the funds in the accounts. (Doc. 25 at 7). At oral argument on the initial motion to dismiss, Wells Fargo's counsel asserted that notice of the death of the account-holder in a payable-on-death account does not necessarily make the beneficiary a customer of the bank. (Transcript at 15).[7]

---

[7] The complaint alleges that Steven Strickland is a Wells Fargo customer as to

However, by pleading that he was the rightful owner of money in Wells Fargo accounts, Steven Strickland has at least plausibly alleged a relationship giving rise to a duty owed to him from Wells Fargo with respect to those accounts.

### III.   THE BURCHES' MOTION TO DISMISS

The amended complaint alleges the Burches have committed conversion and civil theft. (Doc. 25 at 9, 16). It also alleges that Mr. Burch has breached the power of attorney contract, committed fraud in the inducement, and breached his fiduciary duty to Ms. Strickland. (Doc. 25 at 12-13, 18-20).The Burches have moved to dismiss the entire complaint for lack of personal jurisdiction and moved to dismiss all claims except the breach of fiduciary duty claim for failure to state a claim. (Doc. 28).

#### A.   Personal Jurisdiction

Personal jurisdiction over Defendants must satisfy both the Florida long-arm statute and Fourteenth Amendment due process requirements. PVC Windoors, Inc. v. Babbitbay Beach Const., N.V., 598 F.3d 802, 807 (11th Cir. 2010); Meier ex rel. Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002).

Fla. Stat. §48.193(1)(a)(2) provides for specific personal jurisdiction over any person who committed a tortious act within Florida. A nonresident defendant commits a tortious act within Florida even where his act occurred outside the state, so long as the act caused injury within Florida. Louis Vuitton Malletier, S.A. v. Mosseri, 736 F.3d 1339, 1353 (11th Cir. 2013). The complaint alleges that the Burches have committed

---

a different account, but Plaintiffs present no reason to believe that that would make him a customer on the account at issue. (Doc. 25 at 7).

conversion and civil theft. (Doc. 25 at 9-10, 16-17).[8] Nevertheless, the Burches argue that Plaintiffs have failed to plead sufficient facts to establish that the Burches committed a tortious act in Florida.

### 1. Mr. Burch

The complaint alleges that Mr. Burch, amongst other wrongful acts, committed the tort of conversion by illegally withdrawing funds from Ms. Strickland's accounts. (Doc. 25 at 10). This tort allegedly caused injury to Steven Strickland within Florida. (Doc. 25 at 2). Accordingly, this Court has personal jurisdiction over Mr. Burch on the conversion count. As the other claims against him arise from the same jurisdiction-creating event, this Court has personal jurisdiction over Mr. Burch for the entire case. See Cronin v. Washington Nat. Ins. Co., 980 F.2d 663, 671 (11th Cir. 1993).

### 2. Mrs. Burch

The complaint also alleges that Mrs. Burch committed the torts of conversion and civil theft (Doc. 25 at 9-10, 16-17), causing injury to Steven Strickland within Florida (Doc. 25 at 2). The only factual allegations against Mrs. Burch are that she "knew of Mr. Burch's activities regarding Ms. Strickland's accounts, participated in the withdrawal and use of Ms. Strickland's funds . . . and has claimed that Mr. Burch was entitled to do what he did." (Doc. 25 at 9). The complaint also alleges that Mrs. Burch stayed at a Days Inn in Jacksonville, FL, that a cashier's check made payable to her was obtained in Jacksonville, FL long before the events at issue in this case,

---

[8] Mr. Burch is also named in three other counts. (Doc. 25).

9

and that she traveled back and forth into Florida shortly before Ms. Strickland's death. (Doc. 25 at 8, 9).

The only one of these allegations which relates to tortious activity is that she "participated in the withdrawal" of funds from Ms. Strickland's accounts. Yet, the complaint alleges that it was Mr. Burch that withdrew the funds from Ms. Strickland's accounts before her death, and the withdrawals bear his handwriting. (Doc. 25 at 4-5). The withdrawals made after Ms. Strickland's death were likewise made by Mr. Burch. (Doc. 25 at 8). As Plaintiffs have pled that Mr. Burch, not Mrs. Burch, performed the tortious acts, they have failed to plausibly allege that Mrs. Burch engaged in any tortious act.

As Defendants note, this case is analogous to Russo v. Fink, 87 So. 3d 815, 818 (Fla. Dist. Ct. App. 2012), in which a wife was charged with conversion, civil theft, and civil conspiracy after her husband allegedly improperly closed out bank accounts and took the proceeds. Russo, 87 So. 3d at 818. In that case, as the complaint was based upon the actions of her husband, and did not allege that the wife committed any act within Florida, it was due to be dismissed as to the wife. Id. at 818.

Plaintiffs attempt to distinguish this case from Russo by noting that, in that case, the parties filed affidavits and were allowed limited discovery related to personal jurisdiction. (Doc. 19 at 10 n.3). However, the lack of affidavits and discovery in this case does not cure the facial insufficiency of the complaint to allege tortious action on the part of Renate Burch.

10

### B.     The Power of Attorney Contract

The Burches assert that the conversion, civil theft, breach of contract, and fraud in the inducement claims all fail because Mr. Burch had the authority under the power of attorney contract to change the beneficiary and to make withdrawals. (Doc. 28 at 4-5).

#### 1.     <u>The Breach of Contract Claim (Count III)</u>

Plaintiffs' claim for breach of contract asserts that Mr. Burch breached the power of attorney contract by continuing to use the powers therein after the contract had terminated. (Doc. 25 at 12).[9] Plaintiffs assert that this is a breach of contract because, under Florida law, an agent's authority to exercise a power of attorney terminates when the principal dies. Fla. Stat. § 709.2109. Mr. Burch argues that the claim should be dismissed because the contract gives him the power to make withdrawals and change beneficiaries. (Doc. 28 at 4-5). In response, Plaintiffs make the conclusory declaration that they have alleged all the requisite elements of a breach of contract claim. (Doc. 31 at 9).

To the extent that the contract was still in effect, Plaintiffs' claim fails to allege a breach of the contract, because the complaint states that Mr. Burch acted under the terms of the contract. (Doc. 25 at 12). To the extent that the contract had already terminated or was otherwise invalid, Plaintiffs have failed to allege the existence of a

---

[9] The claim also repeats the allegation that Mr. Burch breached a fiduciary duty. However, the claim for breach of fiduciary duty is brought in Count VIII.

11

contract. Accordingly, Plaintiffs have failed to state a claim for breach of contract against Mr. Burch.

### 2. Conversion, Civil Theft, and Fraud in the Inducement (Counts I, VI, and VII)

The Burches also seek dismissal of the conversion, civil theft, and fraud in the inducement claims as they believe Mr. Burch was authorized to take the actions underlying those claims. Specifically, Mr. Burch was allegedly allowed to make withdrawals from Ms. Strickland's accounts under the power of attorney contract. (Doc. 28 at 4-5).

Even assuming that the power of attorney contract was valid, an issue it appears Plaintiffs might contest, the conversion, civil theft, and fraud in the inducement claims include damages incurred from withdrawals that occurred after the contract allegedly terminated. If so, Mr. Burch would have had no authority to make the withdrawals. As such, it is not apparent from the face of the complaint and the attached exhibits that Mr. Burch was entitled to take the actions alleged in the conversion, civil theft, and fraud in the inducement claims.

### C. Fraud in the Inducement (Count VII)

Mr. Burch also seeks dismissal of the fraud in the inducement claim because any alleged oral misrepresentation was expressly contradicted in the written power of attorney contract. (Doc. 28 at 6-7). In response, Plaintiffs appear to argue that Ms. Strickland was incompetent to sign the contract and therefore cannot be held accountable for the terms of the contract. (Doc. 31 at 9). Whether Ms. Strickland was

competent goes to the validity of the contract, but is not an element of fraudulent inducement.

A claim for fraudulent inducement requires a speaker to have made a false statement of material fact, which they knew or should have known was false, with the intent to induce another's reliance on the misstatement, where the other party did in fact justifiably rely upon the misstatement to her detriment. Rose v. ADT Sec. Servs., Inc., 989 So. 2d 1244, 1247 (Fla. Dist. Ct. App. 2008). A party cannot recover for fraud in the inducement where the alleged oral misrepresentation is expressly contradicted in a later contract. Vidal v. Liquidation Props., Inc., 104 So. 3d 1274, 1278 (Fla. Dist. Ct. App. 2013).

Plaintiffs allege that Mr. Burch falsely stated to Ms. Strickland that he obtained a power of attorney form from Ms. Strickland's counsel, despite knowing this fact to be false, with the intent to induce Ms. Strickland to sign the contract. (Doc. 25 at 18). Ms. Strickland allegedly relied on and was induced to sign the contract because of this statement. (Doc. 25 at 18).[10] While the contract is a Wells Fargo form, nothing on the form demonstrates who it was that gave the contract to Mr. Burch. As far as the contract is concerned, Ms. Strickland's counsel could have obtained the power of attorney from Wells Fargo and given it to Mr. Burch to give to Ms. Strickland. As the alleged oral misrepresentation regarding where the document came from is not

---

[10] Plaintiffs also allege that Mr. Burch stated that the contract was prepared by Ms. Strickland's attorney and would only enable Mr. Burch to pay Ms. Strickland's bills. (Doc. 25 at 18). Even if true, these alleged oral misrepresentations appear to be expressly contradicted by the contract (Doc. 26 at 3); however, the Court will leave this to another day.

contradicted by the contract, Plaintiffs have successfully stated a claim of fraud in the inducement.

Accordingly, it is hereby

**ORDERED:**

1. Wells Fargo's Motion to Dismiss Counts II, IV and V (Doc. 27) is **GRANTED in part and DENIED in part**. Count IV of the Amended Complaint is dismissed with prejudice as to Steven Strickland but the motion to dismiss is **DENIED** as to the Estate's claim in Count IV and is otherwise **DENIED**.

2. Bennie O. Burch and Renate Burch's Amended Motion to Dismiss (Doc. 28) is **GRANTED in part and DENIED in part**. Counts I and VI of the Amended Complaint are dismissed with respect to Renate Burch for lack of personal jurisdiction. Renate Burch is no longer a defendant in this case. Count III of the Complaint is dismissed with prejudice as to Bennie Burch. The motion is otherwise **DENIED**.[11]

3. No later than **August 15, 2014**, Defendants will answer the Amended Complaint, as modified by this Order.

4. The parties are encouraged to settle this case at their upcoming mediation. However, if the parties do not settle the case, they should file a joint

---

[11] The Court is skeptical of whether Steven Strickland, individually, has standing to bring claims set forth in Counts VII and VIII, for fraud in the inducement and breach of fiduciary duty. However, as the Burches' motion to dismiss does not address this issue, the Court will reserve judgment.

14

statement by **August 15, 2014** as to whether they will need to extend deadlines under the Case Management and Scheduling Order.

    **DONE AND ORDERED** in Jacksonville, Florida the 14th day of July, 2014.

*(signature)*
TIMOTHY J. CORRIGAN
United States District Judge

w.
Copies to:

Counsel of record